AARON M. CLEFTON, Esq. (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C
#336
Alameda, CA 94501
Telephone: 510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
JOHN NEWMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NEWMAN<br><br>  Plaintiff,<br><br>v.<br><br>MACENO PIZZA LLC dba MONZA PIZZERIA<br><br>  Defendant. | CASE NO. 3:25-cv-01105<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>3. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff JOHN NEWMAN complains of Defendant MACENO PIZZA LLC dba MONZA PIZZERIA, and alleges as follows:

1.      **INTRODUCTION:** On September 16, 2024, and September 19, 2024, Plaintiff went to Monza Pizzeria (the "Pizzeria") located at 1934 Ocean Ave, San Francisco, California, 94127 in order to have pizza dinner. During both of his visits, Defendant denied Plaintiff John Newman equal access to the Pizzeria because he is a disabled individual who uses a service dog to assist him with certain tasks related to his disability.  Further, Defendant's employees treated Plaintiff with intentional disrespect due to the presence of his service dog. This included but was not limited to yelling at him to get out of the restaurant due to the presence of his dog, threatening

1  to take his photograph and post it on the wall, presumably to ban him from future visits, and
2  refusing to even take his order for a pizza to go.
3       2.     The Defendant's decision to deny Plaintiff access to the restaurant due to the
4  presence of his service dog contravenes the Department of Justice's technical assistance and
5  guidance on the subject of "Service Animals."  In relevant part, the guidance states:
6  - A person with a disability cannot be asked to remove his service animal from the
7    premises unless: (1) the dog is out of control and the handler does not take
8    effective action to control it or (2) the dog is not housebroken. When there is a
9    legitimate reason to ask that a service animal be removed, staff must offer the
10   person with the disability the opportunity to obtain goods or services without the
11   animal's presence.
12 - Establishments that sell or prepare food must generally allow service animals in
13   public areas even if state or local health codes prohibit animals on the premises.
14 - People with disabilities who use service animals cannot be isolated from other
15   patrons, treated less favorably than other patrons, or charged fees that are not
16   charged to other patrons without animals.
17 DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-
18 animals-2010-requirements/.
19      3.     Plaintiff enjoys the food at Monza Pizzeria and its convenient because the
20 restaurant is located close to his home.  Plaintiff had been to the restaurant several times prior to
21 September 16 and 19, 2024, without incident.  He intends to return to the restaurant in the future
22 but cannot do so until the policies of the restaurant are made accessible to disabled individuals
23 who use service dogs, including revision of its service dog policies and necessary employee
24 training and/or re-training. He has brought this lawsuit to force Defendant to change its
25 discriminatory and illegal policies and compensate him for refusing him equal access to service at
26 the restaurant because he is a disabled person who needs the assistance of his qualified service
27 dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff,
28 when accompanied by a qualified service dog at Monza Pizzeria.

4. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1343. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

5. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is proper because the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict because the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff John Newman is a "qualified" disabled person who uses the assistance of a service dog to perform necessary tasks related to his disabilities. Plaintiff has been diagnosed with low vision, diminished visual motor integration (which causes him to have difficulty picking up objects), severe muscle spasms, and PTSD. Plaintiff's disabilities substantially limit many of his major life activities including seeing, picking up objects, walking, and being in crowded and unfamiliar places

8. Plaintiff relies on his service dog, a Doberman named "Samantha" to assist him with certain tasks to ameliorate the effects of several of his disabilities. Plaintiff's service dog has been trained to perform a myriad of tasks to do so, including but not limited 1) alerting him of the onset of anxiety attacks related to his PTSD, 2) reminding him to take his medication at the onset of an anxiety attack, 3) retrieving objects, 4) performing deep pressure therapy, 5) creating a barrier between Plaintiff and approaching people, and 6) alerting Plaintiff of people objects in his path of travel. All of these tasks Plaintiff has trained Samantha to do on command and are not behaviors that Samantha has engaged in naturally or without training. Samantha and Plaintiff worked with a professional trainer to initially train these tasks, and Plaintiff has continued to train Samantha throughout their relationship. Plaintiff and Samantha have been working together for over eight years. Plaintiff and Samantha reinforce their training together daily. Plaintiff is a qualified person with a disability as defined under federal and state law. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

9.  Defendant MACENO PIZZA LLC dba MONZA PIZZERIA, is and was at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business located at 1934 Ocean Ave, San Francisco, California, known as Monza Pizzeria.

10.  Monza Pizzeria is a place of "public accommodation" and a "business establishment" subject to the requirements *among other things* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

11.  **FACTUAL STATEMENT:** Plaintiff John Newman has been working with his service dog Samantha for over eight years. Samantha is an eight-year-old Doberman who was trained to be a service dog since birth. Samantha was both professionally trained and individually trained by Plaintiff to be a service dog. Plaintiff has also continued to train Samantha to serve his specific needs throughout their relationship. Samantha is specifically trained to assist Plaintiff with certain tasks including 1) alerting him of the onset of anxiety attacks related to his PTSD, 2) reminding him to take his medication at the onset of an anxiety attack, 3) retrieving objects, 4) performing deep pressure therapy, 5) creating a barrier between Plaintiff and approaching people, and 6) alerting Plaintiff of people objects in his path of travel.

12.  Samantha is a working dog; she is not a pet. Plaintiff and Samantha have trained extensively together, and they supplement that training daily. Plaintiff takes Samantha almost everywhere with him in public. It is important they stay together as much as possible because (a) Samantha provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond. With few exceptions, where Plaintiff goes, Samantha goes.

13.  On September 16, 2024, Plaintiff and his family drove their vehicle to Monza Pizzeria with his family. When they arrived at the restaurant, Plaintiff and Samantha went inside the restaurant to inquire how long it would take to make a pizza for take away for his family's dinner. As soon as Plaintiff entered Monza Pizzeria, one of Defendant's employees rushed to the counter and told him that he could not place an order while having his dog inside the restaurant. Plaintiff explained that Samantha is a service dog and is therefore allowed to accompany him

1  inside the restaurant. Defendant's employee told Plaintiff that per the Health Department, no
2  dogs were allowed inside the restaurant. Plaintiff told Defendant's employee that he had been to
3  the restaurant several times previously with his service dog without issue, and he reiterated that
4  by law service dogs are allowed to accompany their handlers inside restaurants. Defendant's
5  employee reiterated that no dogs, including service dogs, were allowed inside Monza Pizzeria due
6  to the Health Department's orders. Defendant's employee told Plaintiff that he could not place an
7  order while his service dog was inside the restaurant. Plaintiff had no choice but to leave Monza
8  Pizzeria without placing an order. Plaintiff left humiliated, dejected and still hungry, while other
9  non-disabled patrons would be able to enjoy what the Pizzeria had to offer.

10        14.     Plaintiff thought that his previous denial of access at Monza Pizzeria may have
11  been an isolated incident, so he decided to try to patronize the restaurant again. On September
12  19, 2024, Plaintiff went to Monza Pizzeria for dinner. As is his usual practice, Plaintiff was
13  accompanied by his service dog, Samantha. Plaintiff and Samantha entered the restaurant, and
14  Plaintiff asked the employe at the counter what the specials were for the day. Before the
15  employee could respond, another of Defendant's employees, who on information and belief is the
16  owner of the business, approached the counter from the back and told Plaintiff that he could not
17  be inside the restaurant with this dog. Defendant told Plaintiff to leave the restaurant. Plaintiff
18  explained that his dog is a service dog and that he needs to ameliorate his disability. Defendant
19  told Plaintiff that he did not care whether his dog is a service dog or not because the Health
20  Department has stated that no dogs shall be inside the restaurant. Plaintiff again tried to explain to
21  Defendant his service dog was allowed inside restaurants.

22        15.     Defendant then told Plaintiff that he would need to photograph Plaintiff and put it
23  up in the window for the Health Department, apparently threatening Plaintiff with being
24  permanently banned and/or bringing unwanted and false representations that Plaintiff was
25  breaking the law by using his service dog. At this point, it was clear to Plaintiff that he was not
26  going to be able to eat at the restaurant, and did not want to experience further harassment, so he
27  left.

28        16.     Plaintiff has a desire to return to Monza Pizzeria to enjoy the food. However,

Plaintiff is afraid to go back to the restaurant because his previous experiences have made it clear that Defendant does not maintain a service animal policy that complies with state and federal access laws. It is also clear that Defendant's employees have not received training about how to interact with disabled patrons who rely on service dogs for assistance.

17. Plaintiff wishes to return to Monza Pizzeria, but only *after* Defendant has implemented proper service animal policies and training of its staff. Plaintiff is deterred from returning to the restaurant until these policies and training are in place.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**(42 U.S.C. §§ 12101 *et seq.*)**

18. Plaintiff repleads and incorporates by reference, as if fully set forth again here, the factual allegations contained in Paragraphs 1 through 17, above, and incorporates them here by reference as if separately repled hereafter.

19. In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

20. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

21. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

22. Monza Pizzeria is a public accommodation under Title III of the ADA. 42 U.S.C. § 12181(7)(B).

23. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

24. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

25. Defendant has a policy and practice of denying access to patrons of Monza Pizzeria with service animals. The Defendant's decision to deny access to service dogs contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals." In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence.

- Establishments that sell or prepare food must generally allow service animals in public areas even if state or local health codes prohibit animals on the premises.

- People with disabilities who use service animals cannot be isolated from other

7
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1
2

      patrons, treated less favorably than other patrons, or charged fees that are not
      charged to other patrons without animals.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.

26. On information and belief, as of the date of Plaintiff's most recent visit to Monza Pizzeria on or about September 19, 2024, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

27. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

28. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant." 42 U.S.C. § 12181(7)(B).

29. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or

leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

The acts and omissions of Defendant set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

30.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

31.     Defendant's actions continue to deny Plaintiff's right to full and equal access by deterring Plaintiff from patronizing Monza Pizzeria and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

32.     Under the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*,

1  Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights

2  Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis

3  of his disabilities in violation of sections 12182 and 12183 of this title. On information and

4  belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other

5  disabled persons to "full and equal" access to this public accommodation since on or before

6  Plaintiff's encounters. Under section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

33.   Plaintiff seeks relief under remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Monza Pizzeria, in light of Defendant's policy barriers.

WHEREFORE, Plaintiff prays for relief as stated below.

**SECOND CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

34.   Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 33 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

35.   Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places." Civil Code § 54(a).

36. Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited." Civil Code § 54.1(c) also specifies that "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

37. Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

38. Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

39. Monza Pizzeria is a public accommodation within the meaning of the CDPA. On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

40. Defendant made the decision to knowingly and willfully exclude Plaintiff and his service dog from its public accommodation and thereby deny Plaintiff his right of entrance into its place of business with his service dog. As a result of that decision Plaintiff has faced the continuing discrimination of being barred from entering this public accommodation and place of business based on Defendant's illegal prohibition of his legally protected use of his service dog. Plaintiff has continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should he seek to return to these facilities. Plaintiff cannot return to Monza Pizzeria until he receives the protection of this Court's injunctive relief,

and he has continued to suffer discrimination daily since September 19, 2024, all to his statutory damages under California Civil Code §§ 54.1, 54.2, and 54.3.

41. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of here which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled, who require the assistance of service animals, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the assistance of a service animal.

42. Plaintiff wishes to return to patronize Monza Pizzeria but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize Monza Pizzeria and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

43. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. As to Defendant that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

44. Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply immediately with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil

Code sections 54.1, 54.2 and 55, and other laws. Plaintiff further requests that the Court award damages under Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs under Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as prayed below for.

45. **DAMAGES:** Because of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including, but not limited to, rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as stated below. Defendant's actions and omissions to act constitute discrimination against Plaintiff because he was and is disabled and unable, because of the policy barriers created and/or maintained by Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The violations have deterred Plaintiff from returning to attempt to patronize Monza Pizzeria and will continue to cause him damages each day these barriers to access and policy barriers are still present.

46. Although Plaintiff need not prove wrongful intent to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, before this complaint was filed. Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for his rights and safety.

47. **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore

1  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, under Civil Code

2  sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make

3  its facilities accessible to all disabled members of the public, justifying "public interest" attorney

4  fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and

5  other applicable law.

48. Plaintiff suffered damages as above described as a result of Defendant's violations. Damages are ongoing based on his deterrence from returning to Monza Pizzeria.

WHEREFORE, Plaintiff prays for relief as stated below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

49. Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 48 of this Complaint and incorporates them herein as if separately re-pleaded.

50. At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

51. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

52. Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

53. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief under California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

54. The actions and omissions of Defendant as alleged here constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs under California Civil Code sections 51 and 52. As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory and compensatory damages to Plaintiff, according to proof.

55. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs under California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and other applicable law.

56. Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as stated below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and

opposing legal positions on Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

  WHEREFORE, Plaintiff John Newman prays for judgment and the following specific relief against Defendant:

1. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

  a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

  b. To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that his service dog will not be excluded should he desire to enter and use the services of Monza Pizzeria;

  c. That the Court issue preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee and/or its agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction under ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

  d. An order retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of statutory, actual, general, treble, and punitive damages in

amounts within the jurisdiction of the Court, all according to proof;

    3.    An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

    4.    An award of prejudgment interest under Civil Code § 3291;

    5.    Interest on monetary awards as permitted by law; and

    6.    Grant any other relief that this Court may deem just and proper.

Date: February 3, 2025                            CLEFTON DISABILITY LAW

                                                  */s/ Aaron M. Clefton*
                                                  By AARON M. CLEFTON, Esq.
                                                  Attorneys for Plaintiff
                                                  JOHN NEWMAN

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: February 3, 2025                            CLEFTON DISABILITY LAW

                                                  */s/ Aaron M. Clefton*
                                                  By AARON M. CLEFTON, Esq.
                                                  Attorneys for Plaintiff
                                                  JOHN NEWMAN